UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD VOSS,

        Plaintiff,

v.                                                      Case No. 11-C-491

WILLIAM POLLARD,

        Defendant.

## DECISION AND ORDER

Petitioner Todd Voss, currently serving a state sentence for reckless homicide, filed a petition seeking habeas corpus relief under 28 U.S.C. § 2254. The petition is subject to screening under Rule 4 of the Rules Governing § 2254 Actions. The petition asserts three claims, although they are all interrelated. First, it alleges the prosecution withheld favorable evidence in the form of an autopsy report that concluded the victim had an enlarged heart, which could have led to his death, as opposed to the methadone supplied by Voss. Second, it asserts ineffective assistance of appellate counsel based on counsel's failure to assert the first ground. Third, Voss argues actual innocence based on the autopsy report.

This latter claim was the subject of a state postconviction motion Voss filed under Wis. Stat. § 974.06. The state courts concluded the claim had been procedurally defaulted under *State v. Escalona-Naranjo,* 185. Wis. 2d 168, 517 N.W.2d 157 (1994), which held that defendants cannot raise arguments in subsequent postconviction proceedings if they could have raised them in their direct appeal. (Ex. 1 at 3.) The court of appeals also found that even if the claim had not been

defaulted, it would fail on its merits. (Ex. 1 at 4.)

The ineffective assistance of appellate counsel claim was also defaulted, according to the court of appeals. Voss filed a *Knight* petition, *see State v. Knight,* 168 Wis. 2d 509, 484 N.W.2d 540 (1992), but the court of appeals concluded that he had failed to preserve the issue. (Ex. 1 at 61.) He had raised it in his original § 974.06 petition but then had not argued the point on appeal. He could not, the court of appeals held, re-litigate the issue through a *Knight* petition. He did not directly raise the *Brady* issue with the state courts (due to the alleged ineffective assistance of counsel).

Thus, all three claims are either barred by the rule of *Escalona-Naranjo* or are unexhausted and thus procedurally defaulted (under the same rule, which would prevent Petitioner from having his argument considered by the state courts). Absent showings of cause and prejudice, federal habeas relief will be unavailable when (1) "a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and (2) "the state judgment rests on independent and adequate state procedural grounds." *Walker v. Martin,* 131 S.Ct. 1120, 1127 (2011) (citations omitted).

The only conceivable cause for Voss's failure to raise the issue properly would be ineffective assistance of counsel, which Voss does allege. The problem is that the ineffective assistance claim *itself* was not properly preserved. That is, the only means by which Voss could show cause for the procedural defaults is no longer open to him because he defaulted the ineffective assistance claim in the state courts.

Even if he were able to argue cause here, however, it would not be a winning argument. As the state courts noted, the autopsy report was not exculpatory. The pathologist concluded that the

2

cause of death was probable methadone overdose. Voss focuses on the fact that the victim had an enlarged heart at the time of his death, but the pathologist observed that that condition made him more susceptible to death from a drug overdose. (Ex. A at 41.) The cause of death was still deemed the methadone overdose. Accordingly, because the report was not exculpatory, counsel was not ineffective for failing to raise the *Brady* issue or failing to otherwise preserve these issues on appeal. (This is another way of saying Voss' petition would fail on the merits, but courts generally do not reach the merits of claims that are procedurally defaulted.)

In sum, because the claims are procedurally defaulted and Petitioner cannot show good cause, the petition is **DISMISSED**. The motion to hold the petition in abeyance until a brief is filed is **DENIED** as moot.

**SO ORDERED** this 29th day of June, 2011.

                                         s/ William C. Griesbach
                                         William C. Griesbach
                                         United States District Judge